CIRCUIT ~~ ~~ FOR

**CAROLYN JOHNSON**          2013 ~~ ~~ 25   ~~ ~~   **IN THE**
1045 Stoll Pl.
Brooklyn, MD 21225                                *    **CIRCUIT COURT**

    *Plaintiff,*                                *    **OF MARYLAND**

**vs.**                                               *    **FOR**

**PORTFOLIO RECOVERY**                 *    **BALTIMORE CITY**
**ASSOCIATES, LLC**
1013 Centre Rd                             *    Case No. _____
Wilmington, DE 19805
                                 *

    Serve on:                              *

    **National Registered Agents,**
    **Inc. of Maryland**                      *
    **351 W Camden St.**
    **Baltimore, MD 21201**                 *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Now comes CAROLYN JOHNSON, ("Plaintiff"), by and through her attorney, E. David Hoskins, Max F. Brauer and The Law Offices of E. David Hoskins, LLC, and for her Complaint against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC alleges and states as follows:

## PRELIMINARY STATEMENT

    1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (hereinafter "MCDCA"); and the Maryland Consumer

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

1

Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq.* (hereinafter "MCPA").

2.    Plaintiff CAROLYN JOHNSON alleges that the collection practices of Defendant violates the FDCPA, MCDCA and MCPA in its illegal efforts to collect a consumer debt.

3.    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b).

4.    Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

5.    The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

2

of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

6.     The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

7.     The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F.Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

8.     To prohibit abuses by debt collectors, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use "any false deceptive, or

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6300

misleading representation or means in connection with the collection of any debt." In addition, the FDCPA at 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

9.     The MCDCA prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. Md. Code Ann., Com. Law §§ 14–201 to 14–204. Specifically, the MCDCA states that a "person collecting or attempting to collect an alleged debt arising out of a consumer transaction," *id.* § 14–201(b), may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Id. § 14–202(8).

10.     The Maryland Consumer Protection Act ("MCPA") prohibits "unfair or deceptive trade practices," Md. Code Ann., Com. Law § 13–301, and expressly designates as "unfair or deceptive trade practices" those that constitute any violation of the MCDCA. *Id.* § 13–301(14)(iii).

## JURISDICTION AND VENUE

11.     The Circuit Court of Maryland has subject matter jurisdiction over the MCDCA and MCPA claims pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501. The Circuit Court of Maryland has subject matter jurisdiction over claims brought under the FDCPA pursuant to 15 U.S.C. § 1692k(d) which provides that an action to enforce may be brought in federal court as well in any state court of competent jurisdiction.

12.     The Circuit Court of Maryland has personal jurisdiction over each

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

Defendant pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 6-102; 6-103(b)(1) and (2). PORTFOLIO RECOVERY ASSOCIATES, LLC can be served with process in Maryland and regularly transacts business in Baltimore City, Maryland as part of its debt collecting activities. As alleged herein, PORTFOLIO RECOVERY ASSOCIATES, LLC has caused tortious injury in the State of Maryland by acts or omissions relating to its debt collecting activities that have occurred in the State of Maryland.

13. The Circuit Court for Baltimore City is the proper venue pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-201(a) because PORTFOLIO RECOVERY ASSOCIATES, LLC carries on regular business in Baltimore City.

**PARTIES**

14. Plaintiff, CAROLYN JOHNSON, is an individual who was at all relevant times residing in Baltimore City, Maryland.

15. CAROLYN JOHNSON is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person improperly sued in the attempt to collect a consumer debt allegedly owed on a GE Capital Retail Bank/Wal-Mart credit card used for personal, family, or household purposes. CAROLYN JOHNSON is a "person" as that term is defined by the MCDCA and the MCPA.

16. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC, is organized under Delaware law. PORTFOLIO RECOVERY ASSOCIATES, LLC is registered to do business in Maryland and is licensed as a debt collector in Maryland. PORTFOLIO RECOVERY ASSOCIATES, LLC is regularly engaged, for

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

profit, in the collection of debts allegedly owed by consumers, which it purchases after these debts have gone into default. PORTFOLIO RECOVERY ASSOCIATES, LLC uses the United States Mail in furtherance of its collection of debts alleged to be due another. In 2012, PORTFOLIO RECOVERY ASSOCIATES, LLC retained counsel to file approximately 6,328 debt collection lawsuits in the State of Maryland.

17. At all relevant times Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA. PORTFOLIO RECOVERY ASSOCIATES, LLC is not a creditor of CAROLYN JOHNSON, but rather is a debt buyer attempting to collect a consumer debt in default that it alleges is owed by CAROLYN JOHNSON.

18. At all relevant times Defendant acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

19. The acts of Defendant alleged herein were performed by their respective employees acting within the scope of their actual or apparent authority.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. *The District Court of Maryland Process.*

20. The District Court of Maryland was created by an amendment to the Maryland Constitution and came into existence on July 5, 1971. In civil cases the District Court has exclusive jurisdiction in claims for amounts up to $5,000 and

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-862-6500

6

concurrent jurisdiction with the Circuit Courts in claims for amounts above $5,000 but less than $30,000.

21.     The District Court is a statewide court with 34 locations in 12 districts, and a staff including 107 judges. The Court hears disputes relating to landlord tenant matters, civil claims and criminal charges.

22.     The workload of the District Court has seen tremendous growth since its inception in 1971. In its first year, the Court processed just under 800,000 cases; today, more than two million cases are filed annually.

23.     Most debt collection lawsuits are filed in the District Court and, far too often, result in default judgments in favor of the party bringing the lawsuit when the defendant is unable to afford legal representation and fails to appear and defend the action.

24.     Statistics published for Fiscal Year 2010 show that of the 300,453 total judgments entered, 247,435 (or roughly 82%) were not contested.

25.     The practice and procedures relating to the Maryland District Courts are established in Title 3 of the Maryland Rules.

26.     In the typical collection case, a defendant has fifteen days after being served with the summons and complaint to file a Notice of Intention to Defend explaining why he or she should not be required to pay the money the complaint alleges is owed. If a Notice of Intention to Defend is not filed, a streamlined process exists for obtaining a judgment based upon an affidavit.

27.     Maryland Rule 3-306 governs this process and allows the plaintiff in

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

7

a collection action to include a demand for judgment on affidavit with the complaint.

### B.    *Debt Buyers Lack the Evidence Required by Rule 3-306.*

28.    One outgrowth of the global financial crisis has been an increase in the volume of accounts that are sold to debt buyers such as PORTFOLIO RECOVERY ASSOCIATES, LLC. Such sales occur only after the original creditor has made the business decision to sell all right, title and interest in the account, rather than outsource the collection or pursue the collection themselves. Thus, when a debt buyer is involved, the original creditor has already decided that the account is not worth pursuing, which is why the accounts are sold for pennies on the dollar.

29.    Debt buyers frequently lack the documentation to prove the terms and conditions of underlying obligation, and also lack the proof necessary to show the entire chain of assignment of the debt. Once the original creditor sells the account for pennies on the dollar, it does not want to be bothered with it again because it no longer has any financial interest in the account. For this reason, almost every agreement between original creditor and initial debt buyer purchaser (and between the original debt buyer purchaser and each subsequent assignee) is made without representations and warranties, and without recourse.

30.    The debt buyers have adopted a business model, pursuant to which they buy large numbers of charged off consumer accounts for pennies on the

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

8

dollar and then file lawsuits without first conducting a proper investigation into whether a legal basis exists for pursuing a claim. Under this approach cases are all too often: 1) filed against a person who is not the debtor; 2) filed outside the applicable statute of limitations; and 3) filed in an improper venue.

31. The Court of Appeals of Maryland concluded that the overall lack of proof in debt buyer cases often leads to dubious judgments entered by default, and on September 8, 2011, made major changes to Rule 3-306 to become effective with cases filed after January 1, 2012. In the words of the Hon. Alan Wilner in his report to the Maryland Court of Appeals:

> The problem, which has been well documented by judges, the few attorneys who represent debtors, and the Commissioner of Financial Regulation, is that the [debt buyer] plaintiff often has insufficient reliable documentation regarding the debt or the debtor and, had the debtor challenged the action, he or she would have prevailed. In many instances, when a challenge is presented, the case is dismissed or judgment is denied. In thousands of instances, however, there is no challenge, and judgment is entered by default.

32. Judge Wilner's observation was validated by the industry itself. Specifically, in a January 19, 2011, letter to the Rules Committee, industry representative ACA International stated its concern about the requirement that a debt buyer must provide the court with "a certified or otherwise properly authenticated photocopy of original of certain documentation establishing proof the consumer debt at issue existed."

33. The reason the industry opposed the requirement of "proof the consumer debt at issue existed" is because, in their own words:

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

9

> The above documentation is often unattainable for a variety of reasons, the most important of which is that the original creditor no longer has the information or did not have it when selling an account or turning the account over for collection. Particularly in the context of credit cards, financial institutions are not required under federal law to maintain this type of information beyond two years.

34.     The argument presented by the industry was, in essence, that (1) because the original creditors do not have the documentation; and (2) because federal law does not require that the original creditors keep their records; therefore (3) the debt buyer industry should not be required to comply with the same rules of evidence that govern disputes of every other litigant who comes before the Court. No other type of plaintiff can successfully sue for breach of contract without offering certified or otherwise properly authenticated evidence. Yet, this is precisely what is attempted every day by debt buyers, such as PORTFOLIO RECOVERY ASSOCIATES, LLC and its attorneys.

35.     The amendments to Rule 3-306 that apply to new complaints filed after January 1, 2012 clarified the evidentiary requirements that a debt buyer must meet when seeking a judgment on affidavit.

     a.     Rule 3-306(c) provides general requirements for all plaintiffs seeking judgment on affidavit. Some of its requirements include that the affidavit: (1) be made on personal knowledge; (2) set forth such facts as would be admissible in evidence; (3) show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

     b.     Rule 3-306(d) provides additional rules for claims that arise

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

from consumer debt and the plaintiff is not the original creditor. Under Rule 3-306(d) the debt buyer must:

        i.     Prove the existence of the debt by a <u>certified or otherwise properly authenticated</u> photocopy or original of at least one of the following: (A) a document signed by the defendant evidencing the debt or the opening of the account; (B) a bill or other record reflecting purchases, payments, or other actual use of a credit card or account by the defendant; or (C) an electronic printout or other documentation from the original creditor establishing the existence of the account and showing purchases, payments, or other actual use of a credit card or account by the defendant;

        ii.    Prove the terms and conditions to which the consumer debt was subject, by producing a certified or otherwise properly authenticated photocopy or original of the document actually applicable to the consumer debt at issue;

        iii.   Prove that it owns the consumer debt at issue by providing a chronological listing of the names of all prior owners of the debt and the date of each transfer of ownership of the debt, beginning with the name of the original creditor; and a <u>certified or other properly authenticated</u> copy of the bill of sale or other document that transferred ownership of the debt to each successive owner. Specifically, the committee note to Rule 3-306 requires that the Bill of Sale or other document provide the general terms of the ownership transfer and the document's specific reference to the debt sued upon;

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

11

iv.    Identify the nature of the debt or account by including in the affidavit the following information: (A) the name of the original creditor; (B) the full name of the defendant as it appears on the original account; (C) the last four digits of the social security number for the defendant appearing on the original account, if known; (D) the last four digits of the original account number; and (E) the nature of the consumer transaction, such as utility, credit card, consumer loan, retail installment sales agreement, service, or future services; and

v.    The debt buyer must provide information relating to any charge-off of the account and an itemization of all money claimed by the debt buyer.

36.    Proof of these items has always been required to obtain a judgment. The amendment was put in place to provide an evidentiary checklist for practitioners and judges and provide protection to debtors who do not challenge or defend the claims from having a judgment entered by default that is not supported by legally sufficient evidence establishing the plaintiff's entitlement to relief and damages.

**C.    Defendant Attempts to Collect a Debt by Filing a Lawsuit against Carolyn Johnson in the District Court of Maryland using false, deceptive, misleading unfair and unconscionable tactics.**

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

37.    On or about July 3, 2012, PORTFOLIO RECOVERY ASSOCIATES, LLC filed a complaint seeking a judgment in the amount of $1,368.33 against CAROLYN JOHNSON for allegedly failing to pay a debt owed to GE Capital

Retail Bank/Wal-Mart. This alleged debt will hereinafter be referred to as the "subject debt."

38.    The subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA, as it allegedly arose out of a credit card account that was used primarily for personal, family, or household purposes.

39.    The subject debt is a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA.

40.    In support of the claim of ownership of the debt allegedly owed to GE Capital Retail Bank/Wal-Mart, PORTFOLIO RECOVERY ASSOCIATES, LLC filed a single Bill of Sale, titled "PRA Fresh - February 2012."

41.    The "Bill of Sale" attached to the Complaint is legally insufficient to prove ownership of the debt because it fails to mention CAROLYN JOHNSON or her alleged account anywhere in the document. In addition, the Bill of Sale is a fragment of a larger document because it references a "Forward Flow Receivables Purchase Agreement" and "Notification Files" not contained in the complaint and therefore did not provide the general terms of the Bill of Sale. The document also fails to establish that any account allegedly relating to CAROLYN JOHNSON was included in these additional documents.

42.    The "Bill of Sale" was also legally insufficient because it did not specifically reference the seller. The document collectively referenced six entities as the seller -- General Electric Capital Corporation, GE Money Bank, GEMB Lending, Inc., Monogram Credit Services, LLC, RFS Holding, LLC, and GEM

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

13

Holding, LLC. The document did not establish who owned the "Notification Files" at issue.

43. All documents attached to the complaint, including the Bill of Sale were not certified or properly authenticated as required by Rule 3-306(d). Specifically, PORTFOLIO RECOVERY ASSOCIATES, LLC provided no affidavit from the original creditor certifying or properly authenticating these documents.

44. Without such documentation, the attorney that signed that complaint filed by PORTFOLIO RECOVERY ASSOCIATES, LLC in the District Court of Maryland for Baltimore City could not establish that a meaningful review of the debtor's file occurred before filing suit. Moreover, M. Pilar Gracia, the attorney who signed the complaint against CAROLYN JOHNSON on behalf of PORTFOLIO RECOVERY ASSOCIATES, LLC has also signed approximately 3,519 other complaints during 2012 based on a public Maryland Judiciary Case Search query of attorneys of record. This includes approximately 274 complaints in December 2012 (the complaint against CAROLYN JOHNSON was filed December 3, 2012).

45. The affidavit judgment checklist provided with the complaint pursuant to 3-306(d) was signed by Tamara Bond, who purported to be the custodian of records for PORTFOLIO RECOVERY ASSOCIATES, LLC.

46. Tamara Bond falsely claimed "under the penalties of perjury and upon personal knowledge that the contents of this Affidavit and Checklist are true and correct." This statement was false because Tamara Bond, as alleged

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

14

custodian of record for PORTFOLIO RECOVERY ASSOCIATES, LLC, could not have personal knowledge of the records of the original creditor. Tamara Bond was not an employee of the original creditor and could not have personal knowledge of the procedures under which the original creditor created the records.

47.     PORTFOLIO RECOVERY ASSOCIATES, LLC checked boxes required on the affidavit judgment checklist despite not attaching information that complied with the checklist's requirements. Thus, in checking these boxes PORTFOLIO RECOVERY ASSOCIATES, LLC falsely claimed that it had supplied the required information when it had not.

48.     By basing its claim on these incomplete and unauthenticated hearsay documents and accompanying false affidavit, PORTFOLIO RECOVERY ASSOCIATES, LLC sued CAROLYN JOHNSON with the hope of obtaining an affidavit judgment or inducing a settlement with CAROLYN JOHNSON when it knew or should have known that it did not possess the evidence necessary under Maryland Rule 3-306 to support its claim and that it attached a false affidavit.

49.     PORTFOLIO RECOVERY ASSOCIATES, LLC's filings in this case are part of a pattern of practice or conduct designed to circumvent Maryland Rule 3-306 and obtain affidavit judgments when consumers are deceived into thinking that PORTFOLIO RECOVERY ASSOCIATES, LLC has done all that is required to obtain a judgment in the debt collection lawsuit against them. Based on information and belief, many PORTFOLIO RECOVERY ASSOCIATES, LLC

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

15

filings made since the Rule 3-306 clarifications went into effect suffer from the same or similar flaws as described above.

50.   These subtle but important flaws constitute unscrupulous practices that have allowed PORTFOLIO RECOVERY ASSOCIATES, LLC to gain a competitive advantage since the Rule 3-306 clarifications. Since these clarifications went into effect on January 1, 2012 through the end of that year, PORTFOLIO RECOVERY ASSOCIATES, LLC filed approximately 6,328 complaints in Maryland State District Court. While many debt buyers have drastically reduced their filings since the rule clarifications went into effect, PORTFOLIO RECOVERY ASSOCIATES, LLC's 2012 filings actually represent an increase in filing volume over previous years. This means that PORTFOLIO ASSOCIATES, LLC's filings have also significantly increased relative to its competitors.

## D.    *Plaintiff Suffered Actual Damages.*

51.   As a direct consequence of the acts, practices and conduct of Defendant, CAROLYN JOHNSON suffered and continues to suffer from inconvenience, emotional distress, loss of sleep, embarrassment and humiliation.

## COUNT I

## Violation of the Fair Debt Collection Practices Act
## 15 U.S.C. § 1692, *et. seq.*

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

52.   CAROLYN JOHNSON incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

16

53.    PORTFOLIO RECOVERY ASSOCIATES, LLC used false, deceptive, or misleading representations or means in connection with the collection of the subject debt in violation of 15 U.S.C. § 1692e. PORTFOLIO RECOVERY ASSOCIATES, LLC filed the complaint against CAROLYN JOHNSON using a false, improper Rule 3-306 affidavit and without certified or otherwise properly authenticated evidence. The debt collection complaint, the false and improper Rule 3-306 affidavit and the bill of sale attached thereto had a tendency to mislead the least sophisticated consumer into concluding that PORTFOLIO RECOVERY ASSOCIATES, LLC had done all that was necessary to obtain a court judgment against them.

54.    PORTFOLIO RECOVERY ASSOCIATES, LLC used false, deceptive, or misleading representations or means in connection with the collection of the subject debt in violation of 15 U.S.C. § 1692e(2)(A). The debt collection complaint, the improper and false Rule 3-306 affidavit and bill of sale attached thereto, as well as the failure to provide certified or otherwise properly authenticated evidence, falsely represented the character or legal status of the subject debt and had a tendency to mislead the least sophisticated consumer into concluding that PORTFOLIO RECOVERY ASSOCIATES, LLC had done all that was necessary to obtain a court judgment against them.

55.    PORTFOLIO RECOVERY ASSOCIATES, LLC used deceptive means to attempt to collect the subject debt in violation of 15 U.S.C. § 1692e(10). The debt collection complaint, the improper and false Rule 3-306 affidavit and bill of

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

17

sale attached thereto, as well as the failure to provide certified or otherwise properly authenticated evidence, were deceptive and had a tendency to mislead the least sophisticated consumer into concluding that PORTFOLIO RECOVERY ASSOCIATES, LLC had done all that was necessary to obtain a court judgment against them.

56.    PORTFOLIO RECOVERY ASSOCIATES, LLC used unfair and unconscionable means to attempt to collect the debt in violation of 15 U.S.C. § 1692f. The debt collection complaint, the improper and false Rule 3-306 affidavit and bill of sale attached thereto, as well as the failure to provide certified or otherwise properly authenticated evidence, had a tendency to mislead the least sophisticated consumer into concluding that PORTFOLIO RECOVERY ASSOCIATES, LLC had done all that was necessary to obtain a court judgment against them.

57.    PORTFOLIO RECOVERY ASSOCIATES, LLC used unfair and unconscionable means to attempt to collect the subject debt in violation of 15 U.S.C. § 1692f(1). PORTFOLIO RECOVERY ASSOCIATES, LLC's attempt to collect the subject debt was not authorized by law because the debt collection complaint, the improper and false Rule 3-306 affidavit and bill of sale attached thereto, as well as the failure to provide certified or otherwise properly authenticated evidence, had a tendency to mislead the least sophisticated consumer into concluding that PORTFOLIO RECOVERY ASSOCIATES, LLC had done all that was necessary to obtain a court judgment against them.

LAW OFFICES OF
E. DAVID HOSKINS
: HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

58.   The false and deceptive conduct alleged herein was material. PORTFOLIO RECOVERY ASSOCIATES, LLC sued CAROLYN JOHNSON with the hope of obtaining an affidavit judgment or inducing a settlement when it knew or should have known that it filed an improper and false Rule 3-306 affidavit and bill of sale attached thereto, as well as the failed to provide certified or otherwise properly authenticated evidence, attached a false affidavit, and did not possess the evidence necessary under Maryland Rule 3-306 to support its claim. The false and deceptive conduct alleged herein had the tendency to mislead an unsophisticated consumer into concluding that PORTFOLIO RECOVERY ASSOCIATES, LLC had done all that was necessary to obtain a court judgment against them.

59.   As a direct consequence of the acts, practices and conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC, CAROLYN JOHNSON suffered inconvenience, emotional distress, loss of sleep, embarrassment and humiliation.

## COUNT II

### Violation of the Maryland Consumer Debt Collection Act
### Md. Code Ann., Com. Law, § 14-201, et seq.

60.   CAROLYN JOHNSON incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

61.   The subject debt was a debt which was primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the MCDCA.

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

19

62.   PORTFOLIO RECOVERY ASSOCIATES, LLC attempted to enforce a right with knowledge that the right does not exist in violation of Md. Code Ann., Com. Law. § 14-201(8). PORTFOLIO RECOVERY ASSOCIATES, LLC filed the complaint against CAROLYN JOHNSON with an the improper and false Rule 3-306 affidavit and bill of sale attached thereto, as well as failed to provide certified or otherwise properly authenticated evidence, which had a tendency to mislead the least sophisticated consumer into concluding that PORTFOLIO RECOVERY ASSOCIATES, LLC had done all that was necessary to obtain a court judgment against them.

63.   As a direct consequence of the acts, practices and conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC, CAROLYN JOHNSON suffered inconvenience, emotional distress, loss of sleep, embarrassment and humiliation and is therefore entitled to actual damages pursuant to Md. Code. Ann., Com. Law. § 14-203 from Defendant.

## COUNT III

### Violation of the Maryland Consumer Protection Act
### Md. Code Ann., Com. Law, § 13-101, et seq.

64.   CAROLYN JOHNSON incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

65.   CAROLYN JOHNSON is a consumer as defined by the CPA, Md. Code Ann., Com. L. § 13-101(c).

66.   Section 13-303(1) of the CPA prohibits unfair or deceptive trade

LAW OFFICES OF
E. DAVID HOSKINS
: HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

20

practices in the sale of consumer goods and the extension of consumer credit.

67. Under § 13-301(14)(iii) of the CPA, unfair or deceptive trade practices also include any violation of the MCDCA.

68. As a direct consequence of the acts, practices and conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC, CAROLYN JOHNSON suffered inconvenience, emotional distress, loss of sleep, embarrassment and humiliation and is entitled to actual damages and attorney's fees pursuant to CPA § 13-408.

WHEREFORE, Plaintiff, CAROLYN JOHNSON, respectfully prays for a judgment against Defendant as follows:

     a.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1); Md. Code. Ann., Com. Law. § 14-203; and Md. Code Ann., Com. Law § 13-408 in the amount of $30,000.00;

     b.     Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

     c.     Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Md. Code Ann., Com. Law § 13-408; and

     d.     For such other and further relief as may be just and proper.

## JURY DEMAND

CAROLYN JOHNSON hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorney's fees and litigation costs to be awarded should CAROLYN JOHNSON prevail on any of her claims in this action.

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

Dated: March 19, 2013                    Respectfully Submitted,


_E. David Hoskins_

E. David Hoskins, Esq.
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Ste. 362
Baltimore, Maryland 21210
(410) 662-6500 (Tel.)
_dhoskins@hoskinslaw.com_


_Max F. Brauer_

Max F. Brauer, Esq., No. 11306
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Ste. 362
Baltimore, Maryland 21210
(410) 662-6500 (Tel.)
(410) 662-7800 (Fax)
_maxbrauer@hoskinslaw.com_

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500